UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCO VILLALOBOS & <br> ANGELA YBARRA, a marital community, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*, <br><br> Defendants. | C09-1450-JCC <br><br> **ORDER** |

This matter comes before the Court upon Plaintiffs' motion for an order of default judgment against Defendant Juan Luis Peraza-Zamudio and Plaintiffs' motion for an order of default judgment against Defendant Loan Network, LLC. (Dkt. Nos. 98 & 99, respectively). In addition to Plaintiffs' motions, the Court has also considered the responses of several defendants who have appeared and are actively defending this matter (Dkt. Nos. 106–109), Plaintiffs' replies to those responses (Dkt. Nos. 111–114), as well as the parties' supporting exhibits and declarations. Having reviewed the relevant record and having concluded that oral argument is unnecessary, the Court hereby DENIES the motions for the reasons explained below.

## I. BACKGROUND

Plaintiffs' complaint in this matter names several separate defendants. Some of those defendants have filed notices of appearance and are actively defending this matter. Other defendants have failed to file notices of appearance or are otherwise failing to defend this matter. Those defendants who are failing to defend this matter include Defendant Juan Luis Peraza-Zamudio and Defendant Loan Network, LLC. The Clerk of the Court has found these two defendants to be in default. (Orders (Dkt. Nos. 95 & 96, respectively).

Plaintiffs now ask this Court to enter an order of default judgment against Defendant Juan Luis Peraza-Zamudio in the amount of $14,332.45, and to enter an order of default judgment against Defendant Loan Network, LLC in the amount of $77,286.42. Much of the requested damages are for attorney fees. (Dkt. Nos. 98 & 99, respectively). In support of these motions, Plaintiffs submit the declarations of their attorneys. (*Id.*).

## II. RELEVANT LAW

Rule 54 of the Federal Rules of Civil Procedure governs the entry of final judgment. In relevant part, it reads:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Rule 54 applies to all final judgments, including default judgments.[1] *See id.* As a general rule, "default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

---

[1] Rule 55 of the Federal Rules of Civil Procedure governs the entry of orders of default and default judgments specifically. FED. R. CIV. P. 55.

In *Frow v. de la Vega*, 82 U.S. 552 (1872), the Supreme Court held that the trial court committed reversible error when it entered default judgment against a defendant who had failed to appear whn claims against other defendants remained outstanding. *Frow*, 82 U.S. at 552. The Court framed the question before it: "The question now was, whether the court . . . could lawfully make a final decree against one defendant separately, on the merits, whilst the cause was proceeding undetermined against the others." *Id.* at 553. The Supreme Court was emphatic that a trial court lacked such power:

> If the court . . . can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the same charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. . . . Such a state of things is unseemly and absurd, as well as unauthorized by law.

*Id.* at 554. *Accord Mendez*, 585 F.3d at 1189 ("[W]here there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment[.]").

*Frow* is an old case, but it is good law. *See, e.g., In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (describing *Frow* as "[t]he leading case on the subject of default judgments in actions involving multiple defendants").

## III. DISCUSSION

Because Plaintiffs' claims proceed against certain named defendants who have appeared and answered, an entry of default judgment against other defendants is improper. Binding precedent from the Supreme Court is clear: This Court cannot "lawfully make a final decree against one defendant separately, on the merits, whilst the action [proceeds] undetermined against the others." *See Frow*, 82 U.S. at 552. The motions are therefore denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby DENIES Plaintiffs' motions for default judgments against Defendant Juan Luis Peraza-Zamudio and Defendant Loan Network, LLC. (Dkt. Nos. 98 & 99, respectively).

1  //

SO ORDERED this 14th day of June, 2011.

*John C. Coughenour*
JOHN C. COUGHENOUR
United States District Judge

ORDER, C09-1450-JCC
Page 4